IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **FERDINAND SALLEY,** : | |
| : | |
| **Petitioner,** : | |
| : | NO. 4:22-CV-00156-CDL-MSH |
| **VS.** : | |
| : | |
| **COMMANDER MITCHELL, et al.,** : | |
| : | |
| **Respondents.** : | |
| : | |

## DISMISSAL ORDER

*Pro se* Petitioner Ferdinand Salley, an inmate at the Muscogee County Jail in Columbus, Georgia, filed a habeas corpus petition. ECF No. 1. On December 2, 2022, the Court ordered Petitioner to amend his petition with his efforts to exhaust his state court remedies and provided instructions regarding how to do so. ECF No. 6. Petitioner was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. *Id.* Petitioner failed to respond.

Therefore, on December 27, 2022, the Court notified Petitioner that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply and diligently prosecute his claims. ECF No. 5. The Court unambiguously informed Petitioner that this action would be dismissed if he failed to respond. *Id.* Petitioner was given fourteen (14) days to answer. Petitioner has again failed to respond.

Because Petitioner has failed to comply with the Court's orders or otherwise

prosecute this case, his petition is **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this **24th** day of **January, 2023**.

S/Clay D. Land
_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT

2